### The People v. Henry W. Winslow.

*False pretenses.*

An information for obtaining money on false pretenses need not set forth the pretenses by which it was accomplished.

A false assertion of confidence that one can secure a place for another, accompanied by a promise to do it and by other false and fictitious devices, by all of which the latter is induced to part with his property, is such a false pretense as falls within Comp. L., § 7590, punishing the offense of obtaining money by false pretenses.

In a prosecution for obtaining money by false pretenses, the prosecution is not restricted to the exact transaction as it took place between the prosecutor and the accused, but can give evidence showing the steps preliminary thereto when tending to show the intent.

Error does not lie on the use by the prosecuting attorney of merely abusive language in reference to the prisoner, in his argument to the jury; it is presumed that the trial judge will restrain counsel within due limits.

Exceptions before sentence from the Recorder's Court of Detroit. Submitted October 23. Decided October 29.

Conspiracy to defraud by false pretenses. The information charged that Henry W. Winslow and Charles Parker "unlawfully, deceitfully and fraudulently did combine, conspire, confederate and agree together by divers false pretenses, subtile means and devices, to obtain and acquire to themselves of and from one Alfred B. Nicholas, a large sum of money, to wit: the sum of twenty-seven dollars, in money, of the value of twenty-seven dollars, of the money of the said Alfred B. Nicholas, and to cheat and defraud him, the said Alfred B. Nicholas, thereof. The said Henry W. Winslow and Charles Parker, in pursuance of and according to said combination, conspiracy, confederation and agreement between them as aforesaid had, did on the said sixteenth day of April, A. D. 1878, at the city of Detroit

39 MICH.—64.

aforesaid, by said divers false pretenses, subtile means and devices, unlawfully, falsely, deceitfully and fraudulently obtain and acquire to themselves of and from said Alfred B. Nicholas, and of the moneys, goods and chattels of the said Alfred B. Nicholas hereby twenty-seven dollars, in money, of the value of twenty-seven dollars, with intent to cheat and defraud the said Alfred B. Nicholas thereof, to the great damage and deception of the said Alfred B. Nicholas, and contrary to the form," etc. The respondent was found guilty.

Attorney General *Otto Kirchner* for the People.

*Hawley & Firnane* for respondent. A mere promise will not support an information for obtaining money on false pretenses, *Tefft v. Windsor*, 17 Mich., 486; *Com. v. Parker*, Thacher Crim. Cas., 24; a prisoner on trial should be protected from abusive language, *State v. Smith*, 75 N. C., 306; *Ferguson v. State*, 49 Ind., 33.

COOLEY, J. None of the evidence received on the trial was foreign to the issue except that of the officer Sullivan that he found a small amount of money on the prisoner's person; and it is impossible to conceive that that could have worked any prejudice to the prisoner. All the rest had a direct tendency, more or less strong, to support the theory of the prosecution. That theory was that Winslow & Parker, by a false show of business, a false pretense of being about to engage in other business, and by other fraudulent devices to give color to assurances that a situation could and would be procured for Nicholas, had succeeded in defrauding him of his money. The evidence that the conspirators had engaged offices for which they paid no rent was not, as is argued on the part of the prisoner, put in to show that they had been guilty of frauds or wrongs of any sort upon others, but as a part of the showing that the appearances by which Nicholas was deceived were wholly fictitious and fraudulent. It is not necessary in a case of

this sort to set forth in the information the false pretenses by which the offense was accomplished; *People. v. Clark*, 10 Mich., 310; nor in the proof of them can the prosecution be restricted to the exact transaction as it took place between the prosecutor and the accused: the preparation for the crime is often more significant in demonstrating the intent than are the circumstances in which the prosecutor has been an actor; and the transaction appears innocent until the preparation is exposed which led to it.

Nor can the conspirators escape responsibility for the fraud because they accomplished it by means of a promise. The promise was accompanied by assurances of Winslow's confidence in his ability to procure the desired situation, which evidently referred to a situation in Parker's proposed business, and which the jury must have found were wholly baseless. The promise was therefore accompanied by a false assertion of confidence, as well as by various false and fictitious devices calculated to win confidence in it. The case of *Ranney v. People*, 22 N. Y., 413, is called to our attention, but we cannot concur in its reasoning. A false assertion that one has a position to give out, or one in mind which he can fill, is as much within the statute, in our opinion, as any other falsehood by means of which one is induced to part with his property; and some accompanying promise is in many cases of false pretenses a matter of course.

It is probable the prisoner had reasonable complaint of the language employed by the public prosecutor in his address to the jury;* but we cannot correct such

---

*The record states that counsel for the People in concluding his address to the jury used this language: "It seems to me, gentlemen, that the only inference you can draw from the acts of these men Winslow and Parker, is that they are the lowest of the low dead beats." The counsel for the respondent interposed and insisted that this was not proper language to be used. The attention of the judge was called to the language and counsel for the respondent requested the court to prohibit the counsel from using language of that character. The court declined to make any ruling and counsel for the respondent excepted.

faults on writ of error. The trial court should restrain counsel within due limits, and it is to be assumed that this will be done.

The Recorder's Court must be advised to proceed to judgment on the verdict.

The other Justices concurred.

