## The People v. Charles H. Shelters.

*Criminal law—False pretenses—Evidence—Exceptions—Appeal.*

1. The prosecution in a false pretense case cannot be restricted to the exact transaction, as it took place between the prosecutor and the accused, but can give evidence showing the steps preliminary thereto, when it tends to show the intent; citing *People v. Winslow*, 39 Mich. 505.

2. The supreme secretary of a mutual benefit society was informed against for obtaining money under false pretenses, in that he induced the complainant to become a member of the society, and to pay for a certificate of insurance, by falsely representing that the society had a reserve fund of $15,000, secured for the indemnity of its members. And it is held that a circular issued in behalf of the society, signed by the supreme secretary, and reciting that the company had a large, increasing reserve fund, was competent evidence against the respondent.

3. Where no exception is taken to remarks made by the circuit judge during the progress of the trial, they cannot be complained of for the first time in the Supreme Court.

Exceptions before judgment from Calhoun. (Hooker, J.) Argued February 1, 1894. Decided March 20, 1894.

Respondent was convicted of obtaining money by means of false pretenses. Conviction affirmed, and court advised to proceed to judgment. The facts are stated in the opinion.

*Will A. Crosby,* for respondent.

*A. A. Ellis,* Attorney General, and *O. S. Clark,* Prosecuting Attorney, for the people.

Long, J. Defendant was charged in the information with having, by means of false representations and pretenses, made with intent to cheat and defraud, secured from Charlotte E. Levanway, the sum of $6.83.

It appears that the defendant, who was the supreme secretary of a co-operative and mutual benefit society known as the United Legion of America, offered Mrs. Levanway, who is a practicing physician and surgeon, the position of medical examiner of women for the society, but claimed that, before she could be so empowered to act, she must become a member of the society, and a holder of a certificate of insurance therein. The offer was accepted, and she took a certificate with the society, paying the defendant the sum of $6.83 therefor, and entered upon the duties of her office. The testimony shows that the defendant, to induce Mrs. Levanway to act as such medical examiner, and to pay her money for such certificate, represented that the society did not *pro rate* its death losses, but paid them in full, and that it had a reserve fund of $15,000, secured for the indemnity of its certificate holders.

1. It is claimed by the defendant that the court was in error in permitting the prosecution to put in evidence a certain circular pretended to be issued in behalf of the society, and signed by the defendant as supreme secretary. It recites, among other things, that—

"We have written nearly $2,000,000 in certificates of insurance. We also have a large, increasing reserve fund. We have never had to pay a death loss, which makes the U. L. of A. the largest and best society of its age in the world. * * * We are the only society, with a charter issued under the laws of the State of Michigan, that takes members over 65 years of age. * * * No discrimination between sex and age. Insure all ages from 21 to 85," etc.

Evidence was introduced showing, or tending to show, that the society had no money in its treasury, and did not have any fund on hand, called a "Reserve Fund," to meet losses. The evidence returned is very meager, and it is not claimed that it is all here; but we think it sufficiently

appears from the evidence returned that the company which the defendant pretended to represent had no such fund, and that the circular was well calculated to deceive those who were being solicited to insure therein.    The circular was competent evidence.    The prosecution, in this class of cases, cannot be restricted to the exact transaction, as it took place between the prosecutor and the accused, but can give evidence showing the steps preliminary thereto, when tending to show the intent.    *People v. Winslow*, 39 Mich. 505.

2. Objection is also raised to the remarks of the trial court made during the progress of the trial.    At the time this circular was offered in evidence, counsel for defendant objected to its introduction on the ground that the printed matter of the society, though placed in circulation by the defendant, could not be construed as a representation by. the defendant of the several claims contained in the circular.    The court remarked:

" So far as the case shows now, it shows no society, but shows a gigantic fraud."

We are not able to say that this was not true, or that the court was not justified in making the remark.    There is nothing in the record showing that it was not a fact undisputed in the case, but, instead, the record appears to bear out this statement.    This language had no reference to the defendant, but to the company.    Again, the record shows no exception to these remarks, and for that reason counsel cannot be heard to complain in this Court for the first time.

3. Claim is made that the testimony of witnesses Bliss and Weaver did not substantiate the theory that the company which defendant claimed to represent did not have the reserve fund of $15,000, as the defendant represented.    We think this testimony had a strong tendency to show this fact.    Mr. Bliss had been supreme treasurer, and was in a

position to learn the fact, if it was a fact. Mr. Weaver had been supreme governor of the order, and he had never heard of such a fund.

4. Some complaint is made about the remarks of the prosecuting attorney in his argument to the jury. We think there is nothing in the remarks that call for a reversal.

The case comes up on exceptions before sentence. The conviction must be affirmed, and the court directed to proceed to judgment.

McGRATH, C. J., and GRANT, J., concurred. MONTGOMERY and HOOKER, JJ., did not sit.