THE STATE, Appellant, v. VANDENBURG.

### Division Two, December 18, 1900.

1. **Indictment: INVALID UNDER ONE STATUTE.** It matters not under what particular section of the statutes an indictment was drawn, or that the section under which it was supposed to be drawn is unconstitutional, or that the indictment thereunder is insufficient, yet if it is good under some other valid statute, it will be upheld.

2. ————: **FALSE REPRESENTATION: AGENCY.** It is held in this case that the indictment sufficiently charges, under section 3564, Revised Statutes 1889, that the defendant, with intent to cheat and defraud the prosecutor, falsely represented himself to be the authorized agent of an insurance company, and thereby, by means of such false and fraudulent representations, feloniously obtained the prosecutor's promissory note for $36.30 in payment of a life insurance policy.

3. ————: ————: **PROMISSORY NOTE.** A promissory note is a valuable thing within the meaning of said section.

4. ————: ————: **EXISTING FACT: FUTURE PERFORMANCE.** A promise combined with a false pretense does not take away the criminal character of the act. The criminal character of a pretense by the defendant that he was the agent of an insurance company, was not taken away by the promise that an insurance policy, for which the prosecutor gave him his note, would be delivered in the future.

Appeal from Lincoln Circuit Court.—*Hon. E. M. Hughes,* Judge.

REVERSED AND REMANDED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) There is no merit in the point raised by the defendant in his motion to quash the indictment, on the ground that the form prescribed by the statutes is not followed. The form prescribed by the statutes to be followed in cases based upon it has been declared by this court to be unconstitutional on the ground that it does not sufficiently inform the accused of the nature and cause of the charge preferred against him. State v. Kain, 118 Mo. 5; State v. Levy, 119 Mo. 434; State v. Terry, 109 Mo. 601; State v. Benson, 110 Mo. 18; State v. Croker, 95 Mo. 389; State v. Clay, 100 Mo. 571; State v. Cameron, 117 Mo. 371. (2) The indictment in this case meets every requirement of the Constitution, in that it fully sets forth the exact nature of the false representation made by defendant, minutely and in detail, and that it in every way describes the offense. (3) A note is a valuable thing, within the meaning of the statute. State v. Porter, 75 Mo. 171. (4) There was a future promise or contract made that within a few days after the execution of the note the said insurance company would issue a policy to the said Schloeman, and the false representation believed and relied upon by Schloeman, and which induced him to execute and part with the promissory note in question was the representation as an existing fact that defendant was an agent for said insurance company and authorized as such to make contracts for it and to collect premiums thereunder, as the indictment clearly and unmistakably alleges. (5) In addition to the foregoing, there is sufficient in the indictment to convict the defendant under the provision of section 3564, Revised Statutes 1889, which is a general statute, providing for the punishment of persons guilty of obtaining money, goods or property under false

pretenses.   All the essential allegations in this section are contained in the indictment.   State v. Norton, 76 Mo. 180; State v. Smallwood, 62 Mo. 192; State v. De Lay, 93 Mo. 98; State v. Terry, 109 Mo. 601; State v. Janson, 80 Mo. 97; State v. Petty, 119 Mo. 425.

BURGESS, J.—At the October term, 1899, of the circuit court of Lincoln county, defendant was indicted for obtaining a promissory note for $36.30, from one John Schloeman, dated at Troy, Missouri, on May 2, 1899, made payable to the order of T. J. Hamlett six months after date, and signed by said Schloeman, by means of false and fraudulent pretenses.

At the same term of the court at which the indictment was found defendant demurred thereto for the following grounds of objection, to-wit.

First.   Because the indictment does not follow the form prescribed by said statute.

Second.   Because said statute is unconstitutional and void.

Third.   Because the indictment fails to show that any property or thing obtained by defendant as charged in said indictment had any value.

Fourth.   Because it is shown by the indictment that the property or thing obtained or charged to have been obtained by defendant was obtained by reason of a contract or promise to be executed or carried out in the future by defendant.

The demurrer was sustained, and judgment rendered thereon in favor of defendants.   The State appeals.

The defendant is not represented in this court, but judging from the objections taken to the indictment by the de-

murrer, the contention seems to be that the indictment was drawn under section 3826, Revised Statutes 1889, that that section is unconstitutional, and that the indictment must of course be held invalid.

But however this may be, it makes no difference under what particular section of the statute the indictment may have been drawn, nor the infirmities of such section, or of the indictment thereunder, provided it be good under some other section of the statute, which is valid. Section 3564, Revised Statutes 1889, provides that "every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain . . . . . . . from any person any money, personal property, right in action or other valuable thing or effects whatsoever . . . . . . . . . shall, upon conviction thereof, be punished in the same manner and to the same extent as for feloniously stealing the money, property or thing so obtained." Now the indictment charges, that "defendant with the intent then and there unlawfully and feloniously to cheat and defraud one John Schloeman, then and there unlawfully, knowingly and feloniously did falsely and fraudulently represent, state and pretend to the said John S. Schloeman, that he, the said John Vandenburg, was then and there the authorized agent and representative of the New England Mutual Life Insurance Company of Boston, Massachusetts, a corporation duly organized, incorporated and existing under the laws of the State of Massachusetts, and that he, the said John Vandenburg, had full right and authority from said corporation then and there to transact the business of life insurance for and on behalf of said corporation and to sell, and to contract for the sale of life insurance policies of said corporation, and to collect and receive the premiums thereon for and on behalf of said corpor-

ation, in such manner as he, the said John Vandenburg, saw fit, and that he, the said John Vandenburg, was then sent to the said John Schloeman by the said corporation for the purpose of selling to him, the said John Schloeman, a life insurance policy of said corporation, which said corporation was then and there a good and solvent institution, then doing and authorized by law to then and there do the business of life insurance·in the State of Missouri, and was then and there so represented to the said John Schloeman by the said John Vandenburg. And the said John Schloeman, believing the said false and fraudulent representations, statements and pretenses, so made as aforesaid, by the said John Vandenburg, to be true, and being deceived thereby, was induced, by reason thereof, to then and there enter into a contract and agreement with the said John Vandenburg, whereby he, the said John Schloeman, then and there agreed to purchase of the said John Vandenburg, as such pretended agent and representative of said corporation, a life insurance policy of said corporation, insuring the life of him, the said John Schloeman, in the sum of one thousand dollars and to pay therefor the sum of thirty-six and 60-100 dollars per annum as premiums thereon, and to then and there sign and deliver to the said John Vandenburg a promissory note for the sum of thirty-six and 60-100 dollars, payable to the order of T. J. Hamlett, and for the payment of the first annual premium on such life insurance policy, and he, the said John Vandenburg, then and there promised and agreed with the said John Schloeman that the said corporation would, within a few days next thereafter, write, sign, execute, issue, and deliver to the said John Schloeman in proper and legal form such life insurance policy, insuring the life of him, the said John Schloeman, in the sum of one thousand dollars for and in the consideration of the annual premiums to be by him, the said

John Schloeman, paid as aforesaid. And the said John Schloeman, believing the said false and fraudulent representations, statements and pretenses, so made as aforesaid, by the said John Vandenburg to be true, and being deceived thereby, was further induced by reason thereof, to then and there sign and deliver to the said John Vandenburg a certain valuable thing, to-wit, a promissory note for the sum of thirty-six and 60-100 dollars of the value of thirty-six and 60-100 dollars, and made payable to the order of T. J. Hamlett, in accordance with and in pursuance of the contract and agreement so entered into by the said John Schloeman with the said John Vandenburg as aforesaid, which said promissory note, as delivered to the said John Vandenburg by the said John Schloeman, as aforesaid, is of the tenor following, to-wit:

" '$36.60                          Troy, Mo., May 2d, 1899.

" 'Six months after date I promise to pay to the order of T. J. Hamlett thirty-six 60-100 dollars at Troy, Mo., with interest at the rate of 8 per cent after due until paid, value received.                          John Schloeman.'

"And the said John Vandenburg, by means and by use of the said false and fraudulent representations, statements and pretenses, so made as aforesaid, then and there unlawfully, knowingly and feloniously did obtain from him, the said John Schloeman, the promissory note aforesaid, the property of him, the said John Schloeman, then and there being, with intent then and there, unlawfully and feloniously to cheat and defraud him, the said John Schloeman, of the same; whereas, in truth and in fact, the said John Vandenburg was not then and there the authorized agent or representative of the said corporation, and he, the said John Vandenburg, did not have any right or authority then and there to transact the business of life insurance for or on behalf of said

corporation, or to sell, or to contract for the sale of life insurance policies of said corporation or to collect or receive the premiums thereon, for or on behalf of said corporation in any manner whatsoever, and he, the said John Vandenburg, was not then or at any time sent to the said John Schloeman by the said corporation for the purpose of selling to him, the said John Schloeman, a policy of life insurance of said corporation, and he, the said John Vandenburg, then and there well knew that he, the said John Vandenburg, was not then and there the authorized agent or representative of the said corporation, and that he, the said John Vandenburg, did not have any right or authority then and there to transact the business of life insurance for or on behalf of said corporation, or to sell or to contract for the sale of life insurance policies of said corporation, or to collect or receive the premiums thereon, for or on behalf of said corporation, in any manner whatsoever, and that he, the said John Vandenburg, was not then or at any other time sent to the said John Schloeman by the said corporation for the purpose of selling to the said John Schloeman a life insurance policy of said corporation; against the peace and dignity of the State."

It will thus be seen that the indictment is in almost the exact language of the statute.

The false pretenses are set out in detail, upon which it is charged defendant relied, that they were false and that defendant knew them to be so, and made feloniously, and willfully and with the intent to defraud Schloeman who believed the statements to be true, and relying upon them executed the note and delivered it to defendant.

It is incorrect to say that the indictment fails to show that the note alleged to have been obtained by defendant as charged, had no value, for after alleging that the note was a valuable thing, it avers it to be "of the value of thirty-six and

60-100 dollars." That a promissory note is a valuable thing within the meaning of the statute was expressly decided by this court in State v. Porter, 75 Mo. 171.

The further point is made that the note charged to have been obtained by defendant was obtained by reason of a contract or promise, to be executed or carried out in the future by defendant, and that by reason thereof defendant was not guilty of any offense. It may be conceded that a false representation or promise as to a future event, is not a false pretense within the meaning of the statute; but, "where a false representation of an existing or past fact, calculated to induce the confidence which led the prosecutor to part with his property, is accompanied by or blended with a promise to do something in the future, this is a sufficient false pretense, although the promise, as well as the false statement of fact, operated upon the mind of the prosecutor in inducing him to part with his property." [12 Am. and Eng. Ency. of Law (2 Ed.), 812.]

In Strong v. State, 86 Indiana 208, it was held that an indictment which charged that the defendant, on, etc., at, etc., by falsely pretending to be a member of a certain Masonic lodge in Ohio, that he was on his way to his father-in-law's funeral, and was out of money to travel and by exhibiting a forged receipt from the Ohio lodge for dues, obtained from another lodge of Masons a sum of money named, upon a promise to re-pay the same, with intent to defraud said other lodge, knowing said pretenses to be false and the receipt to be forged, was good on motion to quash.

In course of the opinion it is said: "We think the count under consideration made it sufficiently obvious that the most material and most important representations made by the appellant were as to facts assumed to be then existing, and that the appellant's promise to re-pay the money was only

incidentally made, to give a favorable coloring to his representations as to his alleged membership in Mercer Lodge, at St. Marys, in Ohio, and as to the genuineness of the receipt at the time exhibited by him; also, that these last named representations were the ones mainly, if not entirely, relied on by Scott and Woody."

In Thomas v. State, 90 Ga. 437, it is held that the offense of cheating and swindling may be committed by a false representation of a past or existing fact, although a promise be also a part of the inducement to the person defrauded to part with his property.

In the case of State v. Fooks, 65 Iowa 196, it is held, that where a person borrowed money on the false pretense that his brother was to arrive with money for him, coupled with a promise to use it in payment of the sums borrowed, amounted to a pretense that he had the money as an existing fact, and that he was guilty of obtaining the money under false pretense.

So in State v. Dowe, 27 Iowa 273, it is held, that a promise combined with a false pretense does not take away the criminal character of the act. The same rule is announced in State v. Jackson, 80 Mo. 98; Commonwealth v. Wallace, 114 Pa. St. 405; State v. Thaden, 43 Minn. 325; State v. Gordon, 56 Kan. 64; State v. Nichols, Houst. Cr. Cas. (Del.) 114.

Bishop in the eighth edition of his work on Criminal Law, volume 2, section 424, in speaking of this character of offense, says: "It would be difficult to find in actual life any case wherein a man parted with his property on a mere representation of fact, whether true or false, without an accompanying promise."

Now while by the terms of the contract defendant was not to deliver to Schloeman the policy of insurance for some

days after the contract was entered into and the note de-livered to defendant, Schloeman would not have executed the note but for defendant's statements and pretense that he was agent at that time for the insurance company by which the policy was to be issued, when it is averred that he was not such agent.    Here the pretense that defendant was agent for the company was an existing fact, and although coupled with a promise by him to deliver to Schloeman the policy in the future, did not take away the criminal character of the act.

Our conclusion is that the indictment is good, and that the demurrer thereto should have been overruled.

The judgment is reversed and the cause remanded.

*Gantt, P. J.,* and *Sherwood, J.,* concur.