THE STATE, Plaintiff, v. JAMES L. WREN.—62 S. W. (2d) 853.

Division Two, August 12, 1933.

*Roy McKittrick*, Attorney-General, and *Franklin E. Reagan*, Assistant Attorney-General, for plaintiff in error.

*Verne Lacy* and *James L. Wren* for defendant in error.

COOLEY, C.—Writ of error by the State from an order and judgment of the Circuit Court of the City of St. Louis quashing an indictment theretofore duly returned against defendant in error and discharging him. For convenience we shall refer to him as the defendant. The indictment charges him with having feloniously obtained from one Ralph Woods the sum of $175. Omitting caption and formal parts, it charges:

"  .   .   .   that JAMES L. WREN on or about the 16th day of May, one thousand nine hundred and thirty, at the City of St. Louis aforesaid, feloniously and designedly with intent to cheat and defraud one Ralph Woods, did falsely pretend to the said Ralph Woods that he, the said JAMES L. WREN, had influence with a member of the Board of Police Commissioners of St. Louis, Missouri, and that he, the said JAMES L. WREN, upon payment to him by said Ralph Woods of the sum of $175, by using said influence aforesaid, would have him, the said Ralph Woods, put in the next school of instruction of probationary patrolmen of the City of St. Louis, Missouri, and would get him on the police force of said City; that all applicants for the position of patrolmen were paying from $150 to $300 to get on the police force; that the sooner the said Ralph Woods paid or put up said sum of one hundred and seventy-five dollars the sooner he would get on the police force; and the said Ralph Woods, believing the said false pretenses, so made as aforesaid, to be true, and being deceived thereby, and relying thereon, was by reason thereof induced to and did then and there pay to the said James L. Wren the sum of one hundred and seventy-five dollars, lawful money of the United States of the value of one hundred and seventy-five dollars, and that the said James L. Wren, by means of the said false pretenses, so made to the said Ralph Woods as aforesaid, unlawfully, feloniously and designedly did obtain of and from

578

the said Ralph Woods the said sum of one hundred and seventy-five dollars, of the value of one hundred and seventy-five dollars, of the moneys and property of the said Ralph Woods, with intent him, the said Ralph Woods then and there to cheat and defraud of the same.''

Then follow allegations negativing the alleged false pretenses which, for brevity, we omit, no point being made as to their sufficiency.

The motion to quash, which the court sustained, alleges that the indictment does not state facts sufficient to constitute a criminal offense and charges no offense; that it ''fails to charge *scienter* against this defendant;'' and that it charges him ''with uttering opinions instead of false representations.'' *Scienter* is alleged in the portion of the indictment we have omitted. The specific grounds upon which the defendant contends here that the indictment is insufficient is that it does not charge misrepresentation as to an existing or past fact but only a promise to do something in the future. Defendant argues that the representation or alleged false pretens that defendant had influence with the Board of Police Commissioners was not the representation of an existing fact but ''connotes a future activity, a future ability to intercede. sway or persuade the board to appoint Woods to the police force,'' and that according to the charge in the indictment ''Woods paid the defendant money because he thought the defendant had the ability to do something for him in the future. It was the representation of this future activity upon which the prosecuting witness parted with his money.''

The indictment is drawn under Section 4095, Revised Statutes 1929 (4 Mo. Stat. Ann. p. 2894); making it a crime for any person, with intent to cheat or defraud another, designedly, by any false token or writing, or by any other false pretense, to obtain from any person money or property. The false pretense, to come within the statute, must be as to an existing or past fact, not a promise as to something to take place in the future. But a false pretense as to an existing or past fact may be sufficient to sustain a prosecution though there be coupled with it a promise to do something in the future. This question was considered in State v. Vandenburg, 159 Mo. 230, 60 S. W. 79. In that case the defendant falsely represented himself to be the authorized agent of an insurance company and that he had authority from the company to sell and contract for the sale of life insurance policies and to collect premiums thereon and had been sent by the company to sell the prosecuting witness, Schloeman. a policy; and by such false pretenses induced Schloeman to enter into a contract whereby the latter was to purchase a policy which the defendant promised him the company would, within a few days. execute and deliver to him; by means of which representations the defendant obtained Schloeman's note. It was contended

that the note was obtained by the defendant by reason of a contract or promise to be carried out in the future, wherefore the defendant was not guilty of an offense under the statute. The court said, 159 Mo. l. c. 237:

"It may be conceded that a false representation or promise as to a future event, is not a false pretense within the meaning of the statute; but, 'where a false representation of an existing or past fact, calculated to induce the confidence which led the prosecutor to part with his property, is accompanied by or blended with a promise to do something in the future, this is a sufficient false pretense, although the promise, as well as the false statement of fact, operated upon the mind of the prosecutor in inducing him to part with his property.' [12 Am. and Eng. Ency. of Law (2 Ed.) 812.]"

The court quoted from 2 Bishop Criminal Law (8 Ed.), section 424: "It would be difficult to find in actual life any case wherein a man parted with his property on a mere representation of fact, whether true or false, without an accompanying promise." That the false representation in order to sustain a prosecution need not have been the sole inducement causing the victimized person to part with his money or property, see, also, Lawson v. State (Ark.), 179 S. W. 818; Pickens v. State (Tex. Crim. App.), 180 S. W. 234: Jules v. State (Md.), 36 Atl. 1027; Commonwealth v. Howard, 24 Pa. Dist. Ct. 1075; People v. Winslow, 39 Mich. 505; note to Barton v. People (Ill.), 25 Am. St. Rep. 375, l. c. 380; In re Snyder, 17 Kan. 542, 2 Am. Cr. Rep. 228. In the latter case, 2 Am. Cr. Rep. l. c. 239, it is said that in order to constitute the offense of obtaining goods by false pretenses the false pretenses need not be the sole, nor even the paramount cause of the delivery. "It is sufficient if they are a part of the moving cause, and without them the prosecutor would not have parted with his property."

In the instant case defendant adopts from Webster's International Dictionary the definition of "influence" as "the act or process, or the *power*, of producing an effect without apparent force or direct authority" (italics ours), and argues that the definition has reference to the future, "for 'producing' has no connection with a past event or an existing fact, but refers to something to be done." In thus reasoning he ignores the fact that he is charged with having represented that he *had*, that is, possessed, this power of producing something desired by Woods, not that he would at some future time have it, a representation of an existing fact from which a future result might be expected. The indictment further charges that defendant represented that if Woods would pay him $175 he would have him put in the next school of instruction and get him on the police force, thereby implying and giving Woods to understand that he had sufficient influence or power to do so, and stated further that all applicants for the positions of patrolmen were paying from $150

to $300 to get on the police force and that the sooner Woods put up said sum the sooner he would get on the force; thus holding out the thought that such payment was a necessary prerequisite to the accomplishment of Woods' ambition to become a policeman. Conceding that the statement that defendant would have Woods put in the school of instruction and get him on the police force was a promise to do something in the future, the representation that he had influence—the power to bring about the fulfillment of the promise—was the representation of an alleged existing fact without which the promise would not have induced Woods to pay money to defendant. The importance of that fact was accentuated by the further representation, also of alleged existing facts, that all applicants for like positions were paying therefor and that the sooner Woods paid the sooner he would get on the force; representations intended and adapted to induce in Woods' mind the belief that it was necessary for him to pay and to cause him to do so.

In Pickens v. State, supra, an indictment substantially like the one here in question was held to charge the offense of obtaining money by false pretenses. It charged in substance, as stated in the opinion, that the defendant falsely pretended and represented to one McNulty "that he was in position and was able to secure for McNulty a position on the police force of the city of San Antonio, and that if he would pay him $10 he (Pickens) would guarantee he would secure said position for him, and thereby induced said McNulty to part with his $10 and deliver title and possession thereof to him, Pickens, for the services which he, Pickens, falsely and fraudulently pretended he could render him." Answering the contention that the alleged false representations were to do something in the future the court said: "In this case, however, his promise or guaranty to do something in the future was an incident of his false representations, etc., that he was in a position and able to secure for McNulty a position on the police force." In Texas false pretenses, in order to be within the statute, must be of an existing fact. [Lamkin v. State (Tex. Cr. App.), 260 S. W. 567.]

In Lawson v. State, supra, the indictment is not set out but the evidence showed that the defendant falsely represented to the prosecuting witness that he was a revenue officer and had the power and it was his duty to arrest him but would refrain from doing so if the prosecuting witness would pay him money, which the latter did. The court said the evidence was sufficient to warrant conviction.

In Jules v. State, supra, the false representation was that the defendant possessed supernatural healing power and could and would cure the prosecuting witness. The court said that what the defendant was charged to have falsely represented was equivalent to saying to the prosecuting witness: "I now have or am possessed of extraordinary and supernatural powers to cure you. I can and I will

cure you." Answering the contention that it was but a promise to do something in the future the court said:

"This is undoubtedly a representation as to an existing fact. The alleged existing fact is that he then and there had the supernatural . . . power to cure in the manner he claimed. . . . It is apparent that there is a false representation as well as a promise—a false . . . fact, and a promise to cure in the future."

The court quoted also from 2 Bishop, New Criminal Law, section 461, that it does not matter "that a promise by the accused operated as a part of the inducement under which the prosecutor parted with his property."

In Commonwealth v. Howard, supra, representations by the defendant that the prosecutor's wife had cancer and that he could cure it with his radio treatment were both held to be representations of existing facts.

In our opinion the indictment in this case charges facts sufficient to constitute an offense under the statute and the fact that coupled with the alleged false pretenses as to existing facts there is an allegation of a promise to be carried out in the future does not invalidate the indictment.

In the motion to quash there is the further assignment that the indictment is so vague and indefinite as not to advise defendant of the charge preferred against him. Defendant has not briefed this point. If it means that the alleged false representations are not stated with sufficient definiteness the answer is they are, presumably, set out as defendant made them, that being necessary in order to avoid variance between allegation and proof. If defendant was not as specific in his statements to Woods as he might have been it hardly lies in his mouth to complain because his victim did not require of him a more specific false pretense. It was sufficiently specific to induce in Woods' mind the understanding and belief it was designed to produce and to get Woods' money. [See State v. Hubbard, 170 Mo. 346, 70 S. W. 883; State v. Loesch (Mo.), 180 S. W. 875, 878.]

We think the indictment sufficient and that the learned circuit court erred in quashing it. The judgment of the circuit court is reversed and the cause is remanded with directions to that court to set aside its order and judgment quashing the indictment and discharging the defendant and to reinstate the indictment. *Westhues* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.