[No. 25342. Department Two. March 7, 1935.]

THE STATE OF WASHINGTON, *Respondent,* v. J. P. PARKINSON, *Appellant.*[1]

*A. O. Burmeister* and *J. Peter P. Healy,* for appellant.

*Bertil E. Johnson* and *Lorenzo Dow,* for respondent.

STEINERT, J.—Defendant was charged, in eight separate counts of an information, with the crime of grand larceny. Upon seven of the counts he was found guilty of the offense charged; upon the remaining count he was found guilty of petit larceny. From the judgment and sentence, defendant has appealed.

Respondent has moved in this court that appellant's statement of facts be stricken. The judgment of conviction was entered February 17, 1934. The statement of facts was served and filed June 6, 1934.

[1]Reported in 41 P. (2d) 1095.

A period of one hundred and nine days elapsed between these two dates. Under Rem. Rev. Stat., § 308-7 [P. C. 8676-10], a statement of facts must be served and filed within ninety days after the time begins to run within which an appeal may be taken.

The filing of a statement of facts within the required time is jurisdictional, even in criminal cases, and the time can not be extended, and if the statement be thereafter filed, it can not be considered upon appeal. *State v. Terrien,* 111 Wash. 345, 190 Pac. 1017; *State v. Harder,* 130 Wash. 367, 227 Pac. 501; *State v. Sholund,* 153 Wash. 398, 279 Pac. 591; *State v. Schafer,* 154 Wash. 322, 282 Pac. 55; *State v. Thompson,* 154 Wash. 663, 283 Pac. 182. Respondent's motion to strike the statement of facts must be granted.

Upon the merits, appellant makes eleven assignments of error. The assignments may be grouped under two heads: (1) Those relating to the sufficiency of the information, and (2) those relating to errors occurring in the progress of the trial.

The second group of assignments can not be considered, in the absence of a statement of facts. We will, therefore, confine ourselves to the first group.

■ Each count of the information charged the appellant with the crime of grand larceny, in that, on a specified date, he unlawfully and feloniously, with intent to deprive the owner thereof, obtained from such owner a specified sum of money, by color and aid of false and fraudulent representations that he was able to, and would, secure and obtain for and place such owner in a position or job with the state administration of the state of Washington or its officers, and that such owner believed and relied on the false representations. The amounts specified in the various counts, with the exception of one, exceeded the sum of twenty-five dollars.

The information was drawn under Rem. Rev. Stat., § 2601 [P. C. § 8944], which provides that,

"Every person who, with intent to deprive or defraud the owner thereof— . . .

"Shall obtain from the owner or another the possession of or title to any property, real or personal, . . . by color or aid of any fraudulent or false representations, personation or pretense . . . or by any trick, device, bunco game or fortune-telling, . . .

"Steals such property and shall be guilty of larceny."

If the property so obtained be of the value of more than twenty-five dollars, the offense constitutes grand larceny. Rem. Rev. Stat., § 2605 [P. C. § 8948].

It is appellant's contention that the representations were merely promises to do something in the future, and did not relate to past events or existing facts; that they, therefore, were not within the statute.

It will be observed, from our reference to the information, that appellant fraudulently and falsely represented that he *was able* to obtain positions or jobs for the various prosecuting witnesses. These were representations of fact, and not simply expressions of opinion. While the particular language used by one in a given instance may, under one set of circumstances, be expressive of an opinion only, it may, under another set of circumstances, be taken as an expression of fact. If a representation regarding one's authority or ability to accomplish a certain result be made by one who occupies, or claims to occupy, a position or relation which apparently enables him to dictate, control or effect such result, then such representation will be regarded as an expression of fact.

Although the particular representations of ability, as set forth in the information, were somewhat general, they were, at least, sufficient to admit evidence of the circumstances under which they were made. We

are not permitted to refer to the statement of facts, but the instructions given by the court, and which appear in the transcript, indicate that evidence was produced which entitled the jury to find that appellant made representations of specific existing facts relative to his ability to procure the jobs.

A false representation of an existing or past fact calculated to induce confidence on the part of the one to whom the representation is made and accompanied by or blended with a promise to do something in the future, constitutes a false pretense, although the promise as well as the false statement of fact operated as a moving cause of inducement. *State v. Kulbe,* 67 Wash. 21, 120 Pac. 510; *People v. Winslow,* 39 Mich. 505; *People v. Shelters,* 99 Mich. 333, 58 N. W. 362; *State v. Vandenburg,* 159 Mo. 230, 60 S. W. 79; *McDowell v. Commonwealth,* 136 Ky. 8, 123 S. W. 313; *State v. Wren,* 333 Mo. 575, 62 S. W. (2d) 853; *Palotta v. State,* 184 Wis. 290, 199 N. W. 72; 2 Wharton's Criminal Law, (12th Ed.) §§ 1439, 1440; 1 McClain on Criminal Law, pp. 678, 684; 25 C. J. 594; 12 Am. & Eng. Cyc. of Law (2d Ed.) 812.

There were here false representations of an existing fact, coupled with false promises to do something in the future, all of which, taken together, served as moving causes of inducement. The information was sufficient to withstand a demurrer.

The judgment is affirmed.

MILLARD, C. J., HOLCOMB, BEALS, and BLAKE, JJ., concur.