THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. FRANCISCO FLORES LÓPEZ, Defendant and Appellant.

No. 14567. Argued November 6, 1950.—Decided November 10, 1950.

Santos Amadeo for appellant. Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court, and Frank Vizcarrondo Vivas, Assistant Fiscal, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The appellant was convicted by the court of a crime of false representation and sentenced from one to five years' imprisonment in the penitentiary. On appeal, he maintains as the only error, that the sentence is not supported by the evidence and is contrary to law.

■■ In the information defendant was charged with having fraudulently pretended to be the owner of a commercial establishment in Río Piedras and by virtue of said false representation with having obtained from the firm Ballester Bros., Inc. of San Juan, 25 cases of Schlitz beer valued at $90 and 100 cases of Regal malt valued at $150 of which merchandise defendant disposed appropriating for himself its value of $240 thereby defrauding said firm of said sum of money.

The evidence showed that defendant, who was a travelling salesman, on a certain occasion bought a certain amount of malt valued at $90 from a dealer of the firm Ballester Bros. and had it delivered at a commercial establishment in Río Piedras which was owned by Pablo Llanos and his wife Ramona Rodríguez where the defendant picked it on the same day, sold it and paid its price to Ballester Bros. He went back to said firm on a Friday and alleging that he was the owner of the commercial establishment in Río Piedras, ordered the beer and malt worth $240 promising to pay for it the following Monday. When he failed to do so, the dealer for Ballester Bros. went to Río Piedras and for the first time learned that the commercial establishment did not belong to defendant but to Llanos and his wife. · It was proved that the firm Ballester Bros. delivered the merchandise to defendant because of the false pretense that he was the owner of the store in Río Piedras where it had sent the first boxes bought by defendant. It was also proved that defendant sold the beer and malt in the Island and kept the proceeds.

This evidence, in our opinion, is enough to support the conviction in this case. The promise to pay for the merchandise on the Monday following the transaction and the failure to pay for it did not constitute false pretense in this case. However, the fact that defendant obtained the merchandise under the false pretense that he was the owner of a grocery store in Río Piedras, knowing that he was not, and

that Ballester Bros. delivered it to him because it believed such falsehood did constitute false representation.

In the cases of *The People* v. *Ramírez*, 22 P.R.R. 441 and *The People* v. *Sierra*, 26 P.R.R. 298, this Court amply stated the determination that should be made in these cases to the effect that the false representations should refer to an existing or past event, since false representations with regard to future transactions or unfulfilled promises are not included within the purview of the Act and besides that the prosecutor was induced by such false pretense of an existing or past fact to part with something of value.

The fact that both circumstances are present in a case does not mean that the crime of false representation was not committed if the prosecutor acted primarily induced by the false statement of an existing or past fact. Thus, in the case of *State* v. *Parkinson*, 41 P. 2d 1095–97 (Wash., 1935) it was held:

"False representation of existing or past fact calculated to induce confidence on part of one to whom representation is made, and accompanied by or blended with a promise to do something in future, constitutes a 'false pretense,' although promise as well as false statement of fact operated as a moving cause of inducement."

After citing and commenting the general rule to the effect that false representation should refer to an existing or past event, Wharton in his Criminal Law, vol. 2, § 1440, p. 1732, stated the applicable doctrine to cases like the one at bar as follows:

"But a concurrent promise does not neutralize an accompanying false pretense. If there be the false statement of an existing fact, the adding to this of false promises does not take the case out of the statute, when the false pretense was the decisive influence. . . ."

The oral as well as the documentary evidence believed by the Court showed that the transaction effected between de-

fendant and Ballester Bros. was on a cash basis to be paid by defendant two days after delivery of the merchandise. Nevertheless, it was not this promise of payment that induced Ballester Bros. to deliver the merchandise to defendant but the false representation of the latter insofar as he alleged that he was the owner of a grocery store established in Río Piedras, the same place where on a different occasion he had induced said firm to deliver to him merchandise previously bought.

Since the lower court has not committed the only error assigned, the judgment will be affirmed.