ALSON PARODY, APPELLANT, V. SCHOOL DISTRICT NO. ELEVEN OF CUMING COUNTY, DAVID BRIGHT, T. G. WADSWORTH, JOHN LANDIS, AND JASPER RANDOLPH, APPELLEES.

1.  **Injunction:** PETITION. A petition which seeks to enjoin a public officer or a public corporation from controlling public property in accordance with the lawfully expressed direction of the corporation, must show that the plaintiff will sustain some special damage not common to the public, or the petition will not state facts sufficient to entitle him to the relief sought.

2.  **Error Must Affirmatively Appear.** Error must affirmatively appear of record to justify the reversal of a judgment.

APPEAL from Cuming county. Heard below before BARNES, J.

*R. F. Stevenson* and *M. McLaughlin*, for appellant.

*C. C. McNish*, for appellees.

REESE, J.

The plaintiff filed his petition in the district court of Cuming county, alleging that the defendants were about to remove the school house of the district in which he resided from its former site to another, that the contemplated removal was unlawful, and asking an injunction to restrain them from so doing. A temporary injunction was issued by the county judge of Cuming county, which was afterwards vacated by the judge of the district court. The issues were joined at the September term, 1881, and the trial commenced, but when the testimony of the plaintiff and one witness, the county superintendent of schools, had been heard, the court dismissed the action without hearing further testimony. The plaintiff excepted and obtained forty days in which to prepare a bill of exceptions. A transcript

of the record and the bill of exceptions are filed in this court, but no petition in error, assignment of errors, or brief, and we are left wholly in the dark as to the questions presented to the district court.

The petition, we think, fails to state a cause of action. It is well settled that in matters affecting the public, the plaintiff must show by his petition that he will suffer some special damage not common to the public or he cannot maintain an action of this kind. There is no intimation that the plaintiff will suffer any damage whatever by the proposed change. He does not state whether the school house will be located nearer to him or farther off, whether it will be less or more convenient.

The proceedings of the annual district meeting at which the house was ordered removed to another site appear to be regular. Error must affirmatively appear of record to justify this court in reversing a judgment. *Hamilton County v. Bailey*, 12 Neb., 61. Our attention has been called to none in this case. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.