## SAMUEL BARNES v. STATE OF NEBRASKA.

FILED MAY 15, 1894.    No. 6553.

1. **Larceny: INDICTMENT: DESCRIPTION OF PROPERTY.** In an indictment or information for larceny the property alleged to have been stolen should be described with sufficient particularity to enable the court to determine that such property is the subject of larceny; to advise the accused with reasonable certainty of the property meant, and enable him to make the needful preparations to meet such charge at the trial.

2. ———: ———. An indictment charging the accused with "stealing three hogs about eleven months old, weighing about 175 pounds each, each of the value of $12," is sufficiently definite.

3. ———: ———: **STEALING: INSTRUCTIONS.** The term "steal," as used in the Criminal Code, includes all of the elements of lar-

39·

ceny at common law, and it is not error to instruct that the jury may convict on finding the accused guilty of stealing the property described.

4. ———: INSTRUCTIONS. But where the court undertakes to define larceny as at common law, such definition is faulty if it omits any essential element of said crime.

5. ———: ———. An instruction which authorizes a conviction provided the jury shall find, beyond a reasonable doubt, first, that the accused took and carried away the property described, intending to deprive the owner thereof and to convert the same to his own use; second, that he intended to deprive the owner permanently of his property, is erroneous, for the reason that it omits the element of felonious intent.

ERROR to the district court for Burt county. Tried below before DUFFIE, J.

*Jesse T. Davis* and *S. H. Cochran*, for plaintiff in error, cited: *State v. Patrick*, 28 Am. Rep. [N. Car.], 340; *State v. Morey*, 2 Wis., 362; *Thompson v. State*, 4 Neb., 524; *Turner v. O'Brien*, 5 Neb., 548; *Baldwin v. State*, 12 Neb., 66; *Mead v. State*, 25 Neb., 447; *Polin v. State*, 14 Neb., 540; *Langford v. State*, 32 Neb., 782; *People v. Brown*, 48 Cal., 256; *State v. Tucker*, 76 Ia., 233; *State v. Manley*, 74 Ia., 561; *State v. Brown*, 25 Ia., 561.

*George H. Hastings, Attorney General*, for the state:

The description of the animals given in the information filed in this case is sufficient. (*State v. Mansfield*, 33 Tex., 129; *People v. Stanford*, 64 Cal., 27; *People v. Littlefield*, 5 Cal., 355; *Perry v. State*, 37 Ark., 54; *Matthews v. State*, 24 Ark., 484; *Brown v. State*, 44 Ga., 300; *Grant v. State*, 2 Tex. App., 163.)

POST, J.

This is a petition in error from the district court of Burt county, and brings up for review the judgment whereby the plaintiff in error was convicted of the crime of grand larceny and sentenced to imprisonment in the penitentiary.

1. The first error assigned relates to the sufficiency of the description of a portion of the property alleged to have been stolen, viz., "three hogs about eleven months old, weighing about 175 pounds each, each of the value of $12." The ground of the objection to the foregoing description is that it does not apprise the accused of the specific offense charged, or to enable him to successfully plead this judgment in a second prosecution on the same charge. It is true that in an indictment for larceny the property alleged to have been stolen should be described with reasonable certainty; and where the description is so vague or uncertain as not to advise the accused of the particular kind or character of property stolen, the indictment will be held insufficient. For instance, in *State v. Morey*, 2 Wis., 362, a charge of stealing "one hundred pounds of meat," without any designation of the kind or quality of meat, was held bad for uncertainty; and in *State v. Patrick*, 79 N. Car., 655, the designation of the stolen animal as "a yearling" was held insufficient. The sound rule is believed to be that the court must be able to determine from the indictment that the thing alleged to have been stolen is the subject of larceny, that the accused be advised with reasonable certainty of the property meant, and put in a position to make the needful preparation to meet such charge at the trial. (2 Bishop, Criminal Procedure, 702.) Following this rule the following descriptions have been held sufficient: "One sheep," "a horse," "a certain mare," "one certain hog," "one cow," etc. (2 Bishop, Criminal Procedure, 700.) The court did not err, therefore, in holding the information sufficient.

2. Exception was taken to the following, among other instructions: "To this information the defendant has entered a plea of not guilty, and this plea is a denial on his part of every material allegation charged against him in the information. In order, therefore, to warrant you in convicting him on the charge made against him the state must

have convinced you, by the evidence adduced upon the trial, of each of the following material allegations of informa-tion: First, that the defendant took and carried away the hogs described in the information, or some one or more of them; second, that in taking said hogs, or one or more of them (if he took any), he intended to deprive the owner thereof permanently of his property and to convert them to his own use and benefit; third, that said hogs were the property of one Seth Kelley, and were of some value; and, fourth, that this occurred in this county and state on or about the 18th day of May, 1893, or at any time within the three years prior to the 10th day of October, 1893, the date of the filing of the information against him in this case." The vice imputed to this instruction is that it ex-cludes the felonious taking, which is a necessary element of the crime of larceny. It has been held that the term "steal," as used in the statute defining larceny, is sufficiently comprehensive to include every element of larceny at com-mon law. (*State v. Chambers*, 2 Greene [Ia.], 308; *State v. Mann*, 25 O. St., 668.) In states where that construction prevails it is not error to instruct that the jury may convict on finding the accused guilty of stealing the property as charged, without further definition of the crime; but an in-struction which assumes to define larceny as at common law is faulty, which omits an essential element thereof. In *Thompson v. People*, 4 Neb., 524, an instruction substan-tially like the one under consideration was condemned on the ground that it authorized a conviction without proof of the *animus fraudendi*, and that case is approved in *Turner v. O'Brien*, 5 Neb., 542; *Baldwin v. State*, 12 Neb., 61. The authorities bearing upon this question are cited and fully considered by the supreme court of Missouri in a re-cent case (*State v. Moore*, 101 Mo., 316), where an instruc-tion, in all material respects identical with the one now be-fore us, was condemned on similar grounds. There are other questions discussed by counsel, but since the judgment

must be reversed for reasons above stated, it is deemed un-
necessary to notice them.

                                        REVERSED.