GEORGE NIXON V. STATE OF NEBRASKA.

FILED APRIL 24, 1911. No. 16,890.

1. Larceny: SUFFICIENCY OF EVIDENCE. In a prosecution for burglary and larceny, the jury found the accused not guilty of burglary, but guilty of larceny, and that the value of the property stolen was $50. The evidence is examined, the substance set out in the opinion, and it is *held* that there was sufficient to support a conviction of larceny.

2. ———: ———. While it is necessary, in order to sustain a verdict of guilty of larceny, to prove that the property alleged to have been stolen was taken without the consent of the owner, yet it is not always required that such proof be by direct evidence. If all the facts and circumstances shown establish the fact of nonconsent, that will be held sufficient.

3. ———: SENTENCE. Plaintiff in error being found guilty of stealing property of the value of $50, a sentence to the penitentiary for three years therefor *held* excessive, and reduced to two years.

ERROR to the district court for Nemaha county: LEANDER M. PEMBERTON, JUDGE. *Affirmed. Sentence reduced.*

*E. B. Quackenbush* and *F. G. Hawxby*, for plaintiff in error.

*Grant G. Martin, Attorney General*, and *Frank E. Edgerton, contra.*

REESE, C. J.

Plaintiff in error was charged in the district court with the crime of burglary and larceny by breaking into

a store and stealing goods therefrom. He was tried for both offenses, and was found not guilty of burglary, but guilty of larceny; the value of the property found to have been stolen being fixed at $50. He was sentenced to the penitentiary for a term of three years. From that judgment he prosecutes error to this court.

It is contended by plaintiff in error that the verdict of the jury is not supported by sufficient evidence: First, that there is no competent evidence that any property was stolen; second, that even if such were the case, it was not shown that plaintiff in error committed the theft; third, that the goods alleged to be stolen, and claimed to have been found in the possession of plaintiff in error, were not of sufficient value to constitute grand larceny; fourth, that there was no proof that the goods were taken without the consent of the owner.

Referring to the first, second and third of these contentions, the evidence shows that the store and the goods therein were owned by a firm under the firm name of Young & Klinger, situated in the village of Julian, in Nemaha county; that they employed three clerks; that on the 1st day of January, 1910, they were called to their telephone by the sheriff of Otoe county, and inquired of if they had lost any goods out of their store; that they and their clerks immediately commenced an investigation, and discovered, as they thought, that quite a quantity of their goods had been stolen. It is not necessary that we set out here a list of the goods that were discovered to have been abstracted, as quite a quantity of the contents of the store, consisting of clothing, jewelry, shoes, and groceries, were thought to have been taken. One of the members of the firm went to Nebraska City, where the sheriff of Otoe county held plaintiff in error and another in custody, when it was discovered that they had in their possession a number of articles corresponding in quality, appearance and make with the goods kept in the store, but none of them had any distinctve marks which indicated that they had constituted a part of

Young & Klinger's stock, excepting a pair of drawers of a peculiar color, which were practically identified as having been a part of the stock of goods, and a finger ring, which was clearly identified. No witnesses could testify positively that the identified goods, or those that were missed from the stock, had not been sold by one of the proprietors or some of the clerks. It was shown that plaintiff in error, who was a stranger in the community, had been seen loitering around in the vicinity of Julian at or about the time the theft was committed, occupying empty box cars and a schoolhouse nearby, and the remnants of partly used property, empty cans and the like, similar to the missing goods, were found where plaintiff in error was shown to have been. The evidence was circumstantial. There was no proof of a breaking into the store building. Neither windows, doors, locks nor fastenings showed any signs of having been molested, but the evidence is clear enough that goods had recently been stolen from the store. Considering the whole case, we cannot say that there was not sufficient evidence to sustain the verdict of guilty of larceny.

Fourth: There was no direct proof that the goods were taken without the consent of the owners, but all the testimony of the proprietors and clerks strongly and clearly leads to the conclusion that no such consent was ever given. See *Johns v. State,* 88 Neb. 145. We find no reversible error in the record.

As we have seen, the verdict of the jury found the value of the stolen property to be $50. This must be accepted as the true value. We are persuaded that the sentence is disproportionate to the offense, and excessive.

The judgment will therefore be modified by a reduction of the term of confinement to two years. As thus modified, the judgment of the district court is

AFFIRMED.