[Crim. No. 6056. Second Dist., Div. Three. Mar. 11, 1958.]

THE PEOPLE, Respondent, v. CHARLES JESSE THOMPSON, Appellant.

[Crim. No. 6067. Second Dist., Div. Three. Mar. 11, 1958.]

THE PEOPLE, Respondent, v. DAVID L. THOMPSON, Appellant.

John H. Marshall, under appointment by the District Court of Appeal, for Appellants.

Edmund G. Brown, Attorney General, and Albert Bianchi, Deputy Attorney General, for Respondent.

SHINN, P. J.—Charles Jesse Thompson was accused by information of petty theft with a prior felony conviction of forcibly assaulting a United States customs officer. (Pen. Code, § 667.) By separate information, his brother, David L. Thompson, was accused of petty theft with a prior conviction of petty theft. (Pen. Code, § 666.) Defendants pleaded not guilty and each cause was submitted to the court on the transcript of the preliminary hearing. No defense was offered in either case. The court found defendants guilty as charged in the two informations and each was sentenced to imprisonment in the county jail for the term of one year. Defendants appeal from the judgments of conviction. Although there are separate appeals the defendants were together when the offenses were committed and the evidence against each was substantially the same. The sole contention in each case is that the evidence was insufficient to prove the offense of theft.

There was evidence of the following facts: Ross L. Childers

is a police officer for the City of Los Angeles, assigned to the Wilshire Detective Division. In his spare time he is employed at the Thrifty Drug Store located at Wilshire and Fairfax in Los Angeles. Childers testified that he was on duty at the store on December 9, 1956. Defendants entered the store around 1:30 p.m. and went to the phonograph record section. David Thompson selected seven long-playing records from a display rack, concealed them inside his coat and started to leave the store. Childers testified: ''I placed the defendant [David Thompson] under arrest after he had gone through the checkstand without paying for anything. . . .'' At the moment of the arrest, David was about 10 feet past the checkstand at the cigarette counter; he was still in a portion of the store where there was merchandise available for customers to choose.

Immediately after the arrest of David, Childers saw Charles select eight phonograph records from a display rack, slip them inside his coat and walk through the checkstand without paying for the records. Childers stopped him and ordered the brothers to remove the records from their coats, which they did. The officer then asked defendants to step back past the checkstands into the main part of the store. After the arrests were made and a police car was called Charles offered to pay for the records. He then attempted to escape, but he was forcibly restrained by two other store employees.

Upon being questioned by the officer, each defendant told Childers that another man had persuaded them to go to the store and take the records. When asked by the officer whether they stole the records for the purpose of sale, each defendant replied that he was taking them for his own use.

Martin Wellerstein is the assistant manager of the drugstore. He testified that the records taken by defendants were of the value of $1.49 each.

The former convictions were established by evidence which was introduced without objection. Its sufficiency is not questioned.

There was sufficient evidence to prove each defendant guilty of theft.

█ Theft is characterized as the felonious taking of property which is not one's own. (Pen. Code, § 484; *People* v. *Moorhead*, 104 Cal.App.2d 688, 694 [232 P.2d 268].) █ In a prosecution for petty theft, the People must prove an unlawful taking and asportation of property of some intrinsic

value with the intent to deprive the owner thereof. (*People* **v.** *Williams,* 73 Cal.App.2d 154, 157 [166 P.2d 63].) ·

All the elements of the offense were established by the testimony of Officer Childers. An assertion is made in defendants' briefs that they did not carry the records past any place where payment would be expected. The assertion is contrary to the officer's testimony that the Thompsons carried them past the checkstand without paying for them.

The carrying of the records through the checkstand constituted an asportation of the goods, as the act effectively removed them from the store's possession and control, even if only for a moment. (*People* v. *Quiel,* 68 Cal.App.2d 674, 379 [157 P.2d 446].) Whether defendants intended to steal the records was a question of fact to be resolved by the court from all the circumstances in evidence. (*People* v. *Jeffries,* 47 Cal.App.2d 801, 808 [119 P.2d 190].) The court could properly infer from the concealment of the records, from Charles' attempt to escape from custody, and from defendants' subsequent admissions, that the Thompsons had the requisite intent. It is, of course, immaterial that defendants were apprehended before they were able to leave the store, for the fact that a thief is frustrated in an attempt to carry away stolen property does not relieve him of responsibility for the theft. (*People* v. *Post,* 76 Cal.App.2d 511, 514 [173 P.2d 48], and cases cited.)

The judgments are affirmed.

Wood, (Parker), J., and Vallée, J., concurred.