STATE OF NEBRASKA, APPELLEE, v. MICHAEL D. HAUCK,
APPELLANT.

209 N. W. 2d 580

Filed July 20, 1973.   No. 38889.

G. Randolph Reed, for appellant.

George A. Sommer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant was charged with stealing a rifle scope worth under $20 in violation of a municipal ordinance of the City of Scottsbluff. The case was tried to the District Court without a jury upon a stipulation of facts. The defendant was found guilty and sentenced to pay a fine of $100.

Section 14-201 of the municipal code of the City of Scottsbluff provides: "It is hereby declared unlawful for any person within the City to steal any money, goods or chattels of any kind whatever. Any person who shall within the City steal property of any kind whatever, whether the same be wholly in money or wholly in property of some other character, or partly in money and partly in other property, of value of less than One Hundred Dollars ($100.00) shall be deemed guilty of a misdemeanor."

It was stipulated that the following facts are true:

"1. That on August 17, 1972 the Defendant herein, MICHAEL D. HAUCK, was present at the Sporting Goods Department of Gibsons Discount Center, a self service store, located within the corporate limits of the City of Scottsbluff, Scotts Bluff County, Nebraska;

"2. That Defendant, at the above time and place, at a shelf where rifle scopes were on display, exchanged price tag stickers without the consent of the owner between two cartons containing rifle scopes, one sticker being marked $9.87 and the other sticker being marked $19.97;

"3. That Defendant then picked up the carton on which he had removed the $19.97 sticker and on which he had placed the $9.87 sticker and carried such carton in his hand and walked to the cash register counter in the rear sporting goods section of the store;

"4. That Defendant thereupon placed the carton with the exchanged sticker marked $9.87 on the cash register counter and offered to make payment for it whereupon Defendant was apprehended and detained by the store personnel who had observed his above described action;

"5. That at no time did the Defendant conceal or hide the rifle scope carton which he carried from the display counter to the cash register counter and such carton was at all times in view of store personnel.

"6. That the value of the rifle scope was under $20.00 and the owner of this scope was Gibsons Discount Center.

"7. That the Defendant was not an employee or an agent of Gibsons Discount Center."

The basic issue on this appeal is whether the facts stipulated are sufficient to establish the defendant's guilt of the crime of larceny. The issue turns on the determination of whether or not the removal of a carton from the shelf of a self service store without any concealment and taking it to the checkout counter and offering to pay for it constitutes a sufficient taking and asportation to support a conviction for larceny. The effect of exchanging price tag stickers in such a situation must also be a crucial part of the determination.

In this State all public offenses are statutory; no act is criminal unless the Legislature has in express terms declared it to be so; and no person can be punished for any act or omission which is not made penal by the plain import of the written law. There are no common law crimes in this State and we only resort to common law definitions where general terms are used to designate crime. See State v. Coomes, 170 Neb. 298, 102 N. W. 2d 454.

The ordinance involved here makes it unlawful "to steal" money or property. State statutes dealing with grand and petit larceny also use the word "steal" and this court has consistently held that the term "steal" as used in the criminal code includes all the elements

of larceny at common law. ·Barnes v. State, 40 Neb. 545, 59 N. W. 125.

The necessary elements of larceny which are critical here require that the property must be taken and carried away with the intent to steal it and it must be without the consent of the owner. See, Nixon v. State, 89 Neb. 109, 130 N. W. 1049; Barnes v. State,·*supra.*

The determination of what constitutes a taking and carrying away of property with the intent to permanently deprive the owner of possession and whether that taking is with or without the consent of the owner involves issues of intent which are often difficult of determination. Where merchandise in a store is involved, those issues are vitally affected if the store is operated on a self service basis. The cases appear to.be in agreement that in a self service store, where customers select and pick up articles to be paid for at the checkout counter, the mere picking up of an article in the display area does not constitute asportation. See Durphy v. United States, 235 A. 2d 326 (D. C. App., 1967).

Under the self service method of store operation, the owner of the property authorizes a conditional temporary possession by customers between the display area and the checkout counter, at least where the possession is not clearly adverse to that of the store. The cases indicate that concealing the goods in a fashion sufficient to place them under the complete and exclusive control of the defendant may be sufficient asportation to constitute larceny, no matter what part of the store it occurs in. See Groomes v. United States, 155 A. 2d 73 (D. C., 1959). In any event, carrying of concealed articles past the checkout stand of a self service store constitutes a sufficient asportation to support a conviction for larceny. See People v. Thompson, 158 ·Cal. App. 2d 320, 322 P. 2d 489.

· In the absence of concealment we have found no case, nor have we been cited to any, which holds that openly carrying an article to the checkout counter of a self

service store is sufficient to support a conviction for larceny, whether the price tag has been altered or not.

Under the facts stipulated here, the defendant not only carried the carton with the rifle scope to the check-out counter, but he offered to pay for it as well. It is quite obvious that he intended to purchase the scope but to pay only the lesser price shown on the changed price tag and by the misrepresentation to defraud the owner of a part of its value. Nevertheless, that is not larceny. The defendant was charged with stealing a single rifle scope. On the stipulated facts it cannot be said that taking one rifle scope from the shelf and carrying it to the cashier's stand and offering to pay for it was partly lawful and partly criminal, nor that he intended to purchase part of a rifle scope and steal part of a rifle scope. Such distinctions are wholly illogical and will not support a conviction of the crime of larceny. Evidence that the defendant changed the price tag on a carton containing a rifle scope on a display shelf in a self service store, and openly and without any attempt to conceal or hide the carton, picked it up and carried it to the checkout counter and offered to pay for it, is insufficient to establish the essential elements of larceny necessary to sustain a conviction for stealing the rifle scope.

The defendant clearly intended to defraud the store by changing the price tag and by that act or device, persuade the owner to transfer both the title and possession of the property to him for less than its value. If the defendant had been successful in carrying out and completing the transaction as intended, he would have been guilty of obtaining property by false pretenses in violation of section 28-1207, R. R. S. 1943.

The statutes dealing with the two crimes of larceny and obtaining property under false pretenses, belong to the same family of crimes, but in the ordinary case are readily distinguishable. The basic distinction between larceny and obtaining money or property under

false pretenses lies in the fact that in the latter crime, the false pretenses result in securing the consent of the owner to part with the title as well as the possession of the property. In the case of larceny the defendant does not obtain any title or property interest but only possession. While such distinctions may well rest in the subjective intent of the victim, this is generally a sound and reliable test. State v. Sabins, 256 Iowa 295, 127 N. W. 2d 107; State v. Anderson, 186 Mo. 25, 84 S. W. 946; 50 Am. Jur. 2d, Larceny, § 7, pp. 158, 159.

It is quite clear that had the defendant been successful in his attempt to defraud the store and purchase the rifle scope for a fraction of its true value, he would have obtained title as well as possession and would have been guilty of obtaining property under false pretenses. We have held, however, that an essential element of obtaining property under false pretenses is that there be reliance upon the representations made. The pretense must be an effective cause in inducing the owner to part with his property, and if the owner has knowledge of the truth, the offense has not been committed. State v. Bohannon, 187 Neb. 594, 193 N. W. 2d 153. In the case before us the store was aware of the truth, did not rely on the misrepresentations created by defendant by the false price tag, and did not part with its property. The crime of obtaining property under false pretenses was not completed, even if it had been charged.

In this state there is no statutory crime of attempted larceny nor of attempting to obtain property under false pretenses. Neither is there a general criminal attempt statute such as that contained in Article V, section 5.01 (1) (a), Tentative Draft No. 10 of the Model Penal Code. Neither the changing or alteration of price tags, nor an attempt to obtain property by false pretenses, nor an attempt to commit larceny is a crime under any legislative enactment of the State of Nebraska or the City of Scottsbluff.

Many states have met the problem of criminal prose-

cution of actions in the nature of shoplifting similar to those involved here by adopting a general statute providing that an attempt to commit a crime constitutes a crime also. See the Model Penal Code, *supra*. Others have statutes specifically defining certain acts which will constitute shoplifting or larceny by trick. Others create statutory presumptions or place on the defendant the burden of producing evidence to meet statutory presumptions. Georgia and West Virginia, for example, have defined four distinct acts, any one of which constitutes the crime of shoplifting. One of them is: "* * * willfully to alter any label, price tag or marking upon any merchandise offered for sale by any store with the intention of depriving the owner of all or some part of the value thereof." West Virginia Code, § 61-3A-1(1)(c). Nebraska has not taken any such legislative action, nor has the City of Scottsbluff.

Acting within constitutional bounds a legislative body is clothed with power to define statutory offenses and prescribe punishment for their violation. A person may not be convicted of a crime unless his conduct, however reprehensible, is made penal by the plain import of the written law. See State v. Coomes, 170 Neb. 298, 102 N. W. 2d 454. The acts of the defendant here were not sufficient to constitute a violation of the criminal law, and he was not guilty of the crime with which he was charged.

The conviction and sentence are vacated and the cause dismissed.

REVERSED AND DISMISSED.

SPENCER, J., dissenting.

I respectfully dissent. I believe the majority interpretation of the city ordinance to be overly restrictive.

I understand "larceny" to include obtaining another's property by trick or artifice with the intent to convert it. That is what is involved in this case.

Defendant admittedly exchanged price tag stickers with the intent to obtain the more expensive rifle scope

at the lower price. He then took possession of the item and carried it to the checkout counter. He was apprehended when he attempted to pay the lower price.

This court said in McIntosh v. State (1920), 105 Neb. 328, 180 N. W. 573: "One of the elements of larceny is asportation. It is not necessary, however, that the property stolen be retained in the possession of the thief. To remove it with the requisite felonious intent from one part of the premises to another, or from the spot where it is found, is a sufficient asportation."