Opinion
COLE, Acting P. J.
Defendant appeals from his conviction of theft, in violation of Penal Code section 484, subdivision (a).
Defendant was observed by the manager of a Von’s market to switch price tags from one kind of glove to another kind of glove and also to switch price tags placed on chickens. The manager of the store stood five or six feet behind defendant as the latter went through the check-out counter. Defendant paid for a number of chickens, a pair of gloves and other merchandise. Defendant had no conversation with the check-out clerk. Defendant then wheeled the shopping cart into the parking lot where he was arrested by the manager. Among the merchandise in the cart was a pair of gloves which bore a price tag lower than their regular and correct price. Testimony also established that two of the chickens in *Supp. 46 the cart had price tags on them which were for less amounts than should have been the case. Two other chickens handled by defendant but left by him in the store, and not taken to the check-out counter bore loose price tags that should have been on the two chickens in question which defendant “purchased.”
In other words, the evidence convincingly showed (although defendant denied it to be the case) that defendant switched price tags so as to buy merchandise for less than its correct price.
On this state of facts the question is whether defendant committed the offense for which he was convicted. The juiy was instructed solely on the offense of theft by false pretenses. “[Obtaining property by false pretenses is the fraudulent or deceitful acquisition of both title and possession” of the property. (People v. Ashley (1954) 42 Cal.2d 246, 258 [267 P.2d 271].) It is clear that had defendant not been observed by the store manager he would have succeeded in acquiring title and possession. (See State v. Hauck (1973) 190 Neb. 534 [209 N.W.2d 580, 60 A.L.R.3d 1286].)[1]
“To support a conviction of theft for obtaining property by false pretenses, it must be shown that the defendant made a false pretense or representation with intent to defraud the owner of his property, and that the owner was in fact defrauded .... The false pretense or representation must have materially influenced the owner to part with his property . . . .” (People v. Ashley, supra, 42 Cal.2d at p. 259.) In other words, as in any other case of fraud, the injured party must have been induced to part with his property in reliance on the false representation. (People v. Randono (1973) 32 Cal.App.3d 164, 172 [108 Cal.Rptr. 326]; People v. Britz (1971) 17 Cal.App.3d 743, 752 [95 Cal.Rptr. 303], See 1 Witkin, Cal. Crimes, p. 384.)
*Supp. 47 It is apparent to us that the crime of theft by false pretenses was not committed here. The victim of the crime was alleged to be Von’s market. The manager of the market at all times was aware that defendant had switched the price labels and merely allowed defendant apparently to consummate his scheme in order to be able to arrest him in the parking lot. The manager at no time relied upon defendant’s conduct. Since the manager is the agent of the victim-market owner and his knowledge is that of the victim (Civ. Code, § 2332) we cannot hold on these facts that theft by false pretenses was established.
The People argue, nevertheless, that another species of theft, larceny by trick, was established. Aside from the fact that the jury was never instructed on this theory,[2] a considerable obstacle in the way of our adopting it, that crime is not established either for the same reason—lack of reliance. While our attention has not been called to any cases dealing with the element of reliance in the case of theft committed in the guise of larceny by trick, it is apparent that reliance is as much an element of this kind of theft as it is in the case of theft committed by the use of false pretenses. The only difference between larceny by trick and false pretenses is that in the latter both title and possession to the property in question is acquired by fraudulent means, whereas larceny by trick consists of the fraudulent acquisition of possession only and not title. (People v. Ashley, supra, 42 Cal.2d at p. 258.) It is basic law that reliance on a false representation is an element of fraud; since fraudulent means are required in order for larceny by trick to be committed, a lack of such reliance must be equally fatal to the commission of that offense.
We are of the view, however, that the evidence amply establishes defendant’s attempt to commit theft. Reliance is not an element of that offense. (People v. Camodeca (1959) 52 Cal.2d 142, 146-147 [338 P.2d 903].) The successful consummation of the offense was prevented only by the manager’s alertness. But for the manager’s observations defendant would have carried the actual theft to its completion. Accordingly, pursuant to the authority vested in us by Penal Code section 1181, subdivision 6, we hold that the verdict and judgment must be modified to show that defendant is guilty of attempted theft only and not theft. Since we do not know what punishment the trial court would assess in light of *Supp. 48 this reduced offense it will be necessary for us to remand the matter to the trial court for resentencing.
It is not necessary to discuss the other points raised by appellant.
The verdict and judgment are modified to provide that defendant is guilty of the offense of attempted theft, in violation of sections 664 and 484, subdivision (a), of the Penal Code, a lesser and necessarily included offense of the crime charged, and as modified the judgment is affirmed. The matter is remanded to the trial court for the sole purpose of resentencing defendant.
Alarcon, J., and Thomas, J.,* concurred.

 State v. Hauck is the only case called to our attention which deals with the anomalous nature of a theft committed by a patron of a self-service store who switches price tag labels. An article Changing of Price Tags by Patron in Self-Service Store as Criminal Offense, 60 A.L.R.3d 1293, confirms that the Hauck case is the only one to discuss the subject. Since, in Nebraska, there was no statutory crime of attempted theft and, unlike California (Pen. Code, § 664), no statutory general criminal attempt statute, the Nebraska Supreme Court was forced to reverse a conviction where the evidence showed that the victim store personnel did not rely on defendant’s attempted price tag switch.
As will be seen, we have a similar lack of reliance here.

Neither was the jury instructed as to ordinary theft by larceny—“shoplifting.” Therefore, we do not consider if that offense was committed.

 Assigned by the Chairman of the Judicial Council.