BIGELOW, J.
I respectfully dissent.
In my opinion, as a matter of law, the facts fail to show sufficient asportation of the items to constitute a completed theft. The defendant is only guilty of attempted grand theft in violation of Penal Code sections 664, 484, and 487, subdivision 1.
In People v. Thompson (1958) 158 Cal.App.2d 320 [322 P.2d 489], the defendant entered a Thrifty Drug Store, concealed several records under his coat and went through the checkstand without paying for the records. He was arrested 10 feet beyond the checkstand, but before he left the store.
*Supp. 6 The physical layout of the store in our case at bench was similar to that of the store in the Thompson case, supra. In each case there was a checkstand where the items selected for purchase are to be paid for by the customer. The Thompson case, supra, at page 323, stated, “The carrying of the records through the checkstand constituted an asportation of the goods, as the act effectively removed them from the store’s possession and control, even if only for a moment. (People v. Quiel (1945) 68 Cal.App.2d 674, 679 [157 P.2d 446]).”
In this case, an alert clerk at the checkstand prevented defendant from removing the items from the store’s possession and control, even for a moment. All the other facts of placing the items in a box, taping it, etc., are proof of his intent to permanently deprive the owner-store of its property without paying the proper marked prices for them. Defendant’s attempted theft was frustrated and he did not asportate the goods past the checkstand.
I would modify the verdict and judgment to provide that the defendant is guilty of the offense of attempted grand theft (Pen. Code, §§ 664, 484, 487, subd. 1), affirm the judgment as modified and remand the matter to the trial court for resentencing of the defendant.