CITY OF KANSAS CITY, Missouri, Plaintiff–Respondent,

v.

Gary B. FRITZ, Defendant–Appellant.

No. WD 31322.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Steven L. Hobson, Legal Aid of Western Missouri, Kansas City, for defendant–appellant.

Aaron A. Wilson, City Atty., Jack H. Schrimsher, City Pros., Dennis E. Lee, Asst. City Pros., Kansas City, for plaintiff–respondent.

Before PRITCHARD, P. J., and SWOFFORD and TURNAGE, JJ.

TURNAGE, Judge.

Gary Fritz was convicted after a trial de novo in the circuit court of obtaining money by false pretenses in violation of a city ordinance of Kansas City. On appeal he raises the decisive point that the evidence failed to show reliance of Montgomery Ward when it paid money to him. Reversed.

The facts are not in dispute. Fritz entered the Ward's store at Metro North Shopping Center and went to the drapery department. When he entered the store he was observed by Jack Sink, the store's security manager, who followed Fritz because Fritz resembled a person Sink had been trying to locate. Sink observed Fritz enter the drapery department, kneel on the floor and tear open the corner of a package of curtains. Fritz then took the package to the department clerk, offered an explanation of why he was returning the package, and requested a refund. The clerk prepared a refund voucher and gave it to Fritz with instructions that he take it to the customer accommodation center to obtain the cash. The clerk told her supervisor that she was suspicious of Fritz and the supervisor contacted Sink. He told the supervisor that he was aware of what Fritz was doing and would handle the matter. Sink followed Fritz while he went to the accommodation center and observed him present the refund voucher and obtain the $46.85 called for in the voucher. Sink was standing next to Fritz when he received the money and immediately thereafter Sink identified himself and requested Fritz to accompany him to the office. Fritz was thereafter arrested and charged under the city ordinance.

In all respects applicable here, the provisions of Ordinance 26.80 are identical to § 561.370, RSMo 1949 (repealed by Laws 1955, p. 505). Both provide that "every person who, with intent to cheat or defraud another shall designedly, by color of any false token or writing, or by any other false pretense obtain ... from any person any money ... shall be guilty of a misdemeanor." Fritz contends the evidence does not show that Ward's relied upon any false pretense by Fritz when it paid the money to him because his actions were observed from the very beginning and Sink, as Ward's security manager, knew that Fritz had not in fact purchased the curtains and returned them, but had simply taken the curtains from the shelf and presented them for a refund.

Since the ordinance provisions in question are identical to the provisions of § 561.370, this court will look to cases construing that section to determine whether or not reliance by the party who is alleged to have been deceived is required. In *State v. Neal*, 169 S.W.2d 686, 689[2–4] (Mo.1943) the court stated the rules relating to reliance as follows:

"The false pretenses need not be the sole, nor even the paramount, cause of the delivery [of the money or goods.] 'It is sufficient if they are a part of the moving cause, and without them the prosecutor would not have parted with his property.'" *State v. Wren*, 333 Mo. 575, 578(1), 62 S.W.2d 853, 854, 855(1, 2). As necessarily implied by the last sentence of the above quotation, the person from whom the money was obtained must have relied at least in part on the false representations. See also, *State v. Young*, 266 Mo. 723, 732, 183 S.W. 305, 307; *State v. Eudaly*, Mo.Sup., Div. 2, 188 S.W. 110, 113(8). But if reasonably calculated to deceive it is not necessary to show that the defrauded party investigated the representations to ascertain their truth or falsity, unless he had the means at hand. *State v. Keyes*, 196 Mo. 136, 151, 93 S.W. 801, 805, 6 L.R.A., N.S. 369.

Applying the above rules to the facts in this case, it is apparent that the representation that Fritz made that he had purchased the curtains from Ward's was not relied on even in part by Ward's. This for the reason that Ward's knew from the very beginning that Fritz had not in fact purchased the curtains but had simply removed them from the shelf. Thus, at no time did Ward's rely in any part or in any degree on the representation of Fritz when it fully knew all of the facts.

This conclusion is supported by *People v. Lorenzo*, 64 Cal.App.3d Supp. 43, 135 Cal. Rptr. 337 (1976). In *Lorenzo* a food market manager observed the defendant switching price tags on gloves and also on chickens. The manager observed the defendant go through the checkout stand and pay only the price shown on the tags which the defendant had attached which, of course, was less than shown on the price tag originally attached. Defendant was charged with obtaining property by false pretenses. The court held the false pretense or misrepresentation must materially influence the owner and this must have induced the owner to part with his property. The court held the manager was the agent of the market owner and his knowledge was that of the market owner. Because the manager knew of the defendant's actions, he did not rely upon the defendant's conduct in selling the gloves and chickens at a price below their value. The court held the evidence insufficient to hold that theft by deceit had been established.

In *State v. Finch*, 223 Kan. 398, 573 P.2d 1048 (1978) a security guard observed a customer change the price tags on dresses and then present the dresses at the check out counter and pay the lesser amount called for by the tags placed by the defendant. The court cited *Lorenzo* with approval, and held the evidence failed to show the store was actually deceived and relied in whole or in part upon the action of the defendant.

The City failed to prove that the false pretenses of Fritz that he had in fact purchased the curtains from Ward's was even a part of the moving cause in Ward's handing over the money to him. This court finds the *Lorenzo* and *Finch* decisions to be persuasive for the conclusion that no reliance is shown when store employees are fully aware of acts later sought to be made the basis of a false pretense. It follows that the City failed to prove that Ward's relied in any part on any false pretense made by Fritz when it made payment to him.

The judgment is reversed and Gary Fritz is ordered discharged.

All concur.