**STATE of Missouri, Respondent,**

v.

**Joe YOUNG, Plaintiff.**

**No. 47522.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

Dorothy Mae Hirzy, Public Defender, St. Louis, for plaintiff.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Joe Young (defendant) unchained a $198 radio from its display rack in a St. Louis department store and, pretending to have purchased it earlier, obtained from the store a "refund" of the radio's purchase price. However, defendant's every move had been followed by a store security guard who apprehended the defendant and summoned the police as soon as the defendant had the "refund" money in hand.

Defendant was charged with and convicted by a jury of stealing over $150 by deceit, § 570.030, RSMo (1978), and fined $250.[1]

---

1. Section 570.030, RSMo (1978) provides, in its relevant part (all further references to statutory sections are to RSMo (1978)):

   1. A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion.

   2. Stealing is a class C felony if:

   (1) The value of the property or services appropriated is one hundred fifty dollars or more; * * *

The pertinent definition of "deceit" is in § 570.-010(7): "'Deceit' means purposely making a representation which is false and which the actor does not believe to be true and upon which the victim relies, as to a matter of fact,

Pointing out that the security guard knew all along that defendant had not purchased the radio, and that under *City of Kansas City v. Fritz,* 607 S.W.2d 837, 839 (Mo.App. 1980) the security guard's knowledge was that of the store, the defendant contends the trial court erred by denying his post-trial motion for judgment of acquittal in that the State failed to prove the store's reliance on defendant's representation that he had purchased the radio.

*City of Kansas City v. Fritz* reversed a conviction of obtaining money by false pretenses in violation of a municipal ordinance. There, as here, the defendant was being watched by store security personnel when he picked up merchandise on display and presented it for a "refund" of the purchase price. A conviction under the ordinance, like a conviction for stealing by deceit under § 570.030, required proof that the victim relied on the defendant's false pretense or representation. Imputing to the store the knowledge of the defendant's actions possessed by its security force, the court held that the store was not actually deceived by the defendant, and concluded that "no reliance is shown when store employees are fully aware of acts later sought to be made the basis of a false pretense." *City of Kansas City v. Fritz,* 607 S.W.2d at 839. *And see State v. Hauck,* 190 Neb. 534, 209 N.W.2d 580, 584 (1973).

The holding in *City of Kansas City v. Fritz* is applicable to the present case. We therefore reverse the judgment of the trial court and order the defendant discharged.

KAROHL, P.J., and REINHARD, J., concur.

law, value, intention or other state of mind. * * *" The false representation alleged here was that "the defendant falsely represented that he had purchased a radio from MAY DEPARTMENT STORES, doing business as VENTURE STORES * * *"