**STATE of Missouri, Respondent,**

v.

**Ralph FOGLE, Appellant.**

**No. WD 36261.**

Missouri Court of Appeals,
Western District.

June 11, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
July 30, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Paul T. Graham, Carson, Monaco, Coil, Riley & McMillin, P.C., Jefferson City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Mary Eliss Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

PER CURIAM.

A jury found defendant guilty of stealing more than One Hundred Fifty Dollars by means of "deceit", § 570.030.1, RSMo Supp.1984, and fixed his punishment at three years imprisonment. Judgment was rendered and sentence pronounced accordingly.

There is no occasion to review two of three assignments of error raised by defendant on appeal as one in particular, i.e., failure of the state to prove that the victim *relied* on defendant's deceitful representation, is dispositive of the appeal.

A compendium of facts sufficient to put the decisive issue in proper perspective follows. The victim, previously the subject of a sham perpetrated by persons other than defendant regarding the laying of an asphalt driveway, was contacted by phone with a request for more money. The caller, a person other than defendant, advised the victim that a Leonard Simms would come to her home on the evening of November 12, 1983, to pick up the money. The victim alerted her daughter, son-in-law, a deputy sheriff and a member of the Missouri Highway Patrol as to what was to take place. All of the persons just mentioned went to the victim's home before defendant arrived. A carefully orchestrated plan was worked out between the officers and the victim. A tape recorder would be placed in a concealed position, the officers would conceal themselves inside the residence in close proximity to where the victim would hand over the money to defendant, and when the victim handed over the money the officers would immediately arrest defendant. When defendant arrived at the victim's home, he falsely identified himself as Leonard Simms (the act of deceit relied on by the state), entered the victim's living room, and advised her that he was there to pick up the money for the person who had earlier called the victim. The victim handed defendant an envelope containing the required sum of money and he

was immediately arrested by the officers while still in the living room of the victim's home.

In *State v. Kesterson*, 403 S.W.2d 606, 611 (Mo.1966), involving § 560.156(2), RSMo 1959,[1] the court held that "[u]nless the victim does rely on the conduct which constitutes the deceit, the stealing is not accomplished by deceit and the offense is not proved." Section 570.030.1, supra, under which defendant was prosecuted, reads as follows: "A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." *Deceit*, as used therein, is statutorily defined in § 570.010, RSMo Supp.1984, as follows: " 'Deceit' means purposely making a representation which is false and which the actor does not believe to be true *and upon which the victim relies*, as to a matter of fact, law, value, intention or other state of mind." (emphasis added)

The recent case of *State v. Young*, 672 S.W.2d 366 (Mo.App.1984), involving a conviction under § 570.030, supra, is consistent with *State v. Kesterson*, supra, regarding proof by the state of reliance by the victim on the conduct constituting deceit in order to sustain a conviction for stealing by deceit. In *Young*, the defendant removed a radio from a display rack in a department store and, pretending to have previously purchased it, obtained a "refund" of the radio purchase price. The defendant's every move had been observed by a store security guard who immediately apprehended the defendant when the "refund" money was turned over to him. The knowledge of the security guard was imputed to the department store and the court reversed the defendant's conviction for stealing by deceit on the ground that the state had failed to prove that the department store had relied on the defendant's false representation when it turned the "refund" money over to him. In its

opinion, the court cited with approval *City of Kansas City v. Fritz*, 607 S.W.2d 837 (Mo.App.1980), where a conviction for obtaining money from Montgomery Ward under false pretenses in violation of a city ordinance was reversed. The facts in *Fritz* were virtually identical with those in *Young*. In *Fritz*, the conviction was reversed because the City failed to prove that Montgomery Ward relied upon a false representation by the defendant when it "refunded" the purchase price of an article of merchandise to him.

The state strains to distinguish *Fritz* and *Young* from the instant case, and thereby escape their applicability, on the ground that knowledge of certain employees was imputed to the respective stores who were the victims. The instant case, if any thing, is stronger than *Fritz* and *Young*, as the victim had actual knowledge of what was about to take place. Any distinguishing features advanced by the state are cosmetic rather than substantive. The victim in the instant case did not rely on the deception engaged in by defendant when she parted with the money—she was fully aware of what was about to take place and in parting with the money relied on its immediate retrieval by the officers who were present in her home for that very purpose.

This court is constrained to hold that *State v. Kesterson*, supra, *State v. Young*, supra, and *City of Kansas City v. Fritz*, supra, govern disposition of this case [also, see generally *State v. Voyles*, 691 S.W.2d 452, handed down by the Missouri Court of Appeals, Southern District, on May 1, 1985] and, accordingly, that the state failed to prove that the victim relied upon a false representation by defendant when she handed over the money to him.

The particular facts of this case, as well as those in *State v. Young*, supra, point up a hiatus in the present statute proscribing stealing by deceit (§ 570.030, supra) which should be legislatively addressed.

---

1. "It shall be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit."

The judgment of the trial court is reversed and the defendant is ordered discharged.