**UNITED STATES**

v.

**Bryon A. VORDA, 505 92 2300, Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 90 2437.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 2 May 1989.

Decided 10 Dec. 1991.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LtCol John P. Cotter, USMCR, Appellate Defense Counsel.

LtCol J.S. Uberman, USMC, Appellate Government Counsel.

Before JONES, REED and LAWRENCE, JJ.

LAWRENCE, Judge:

Consistent with his pleas, appellant was found guilty of attempting to steal cash in the amount of $929.00 on two occasions and wrongful appropriation of a video camera of a value of $1199.00, in violation of Articles 80 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 921. He was sentenced by the military judge to a bad-conduct discharge, forfeiture of $100.00 pay per month for 6 months, reduction to pay grade E-1, and confinement for 3 months. The convening authority approved the sentence without modification.

During the providence inquiry, appellant related that while in the Navy Exchange he saw a video camera on display with a price tag of $1,199.00. He also saw a box on the floor containing the same camera with a price tag of $270.00. At the time he saw the box he realized that the price tag was in error. He picked up the box and took it to the womens' clothing department where he purchased it for $270.00. Nothing in the record indicates that appellant made any statements to the cashier concerning the correctness of the price on the box. When he purchased the camera, appellant intended to return it later for a refund of the correct price of $1,199.00. His attempts to do so on two subsequent days are the basis of the findings of guilty of attempting to steal cash in the amount of $929.00, the difference between the price he paid and the amount of the refund he attempted to obtain.

The theory of the Government and, apparently, the defense at trial was that in presenting the box to the cashier, appellant falsely represented to the cashier that the value of the item was $270.00 when in fact he knew it was $1,199.00. The military judge apparently accepted this theory of a wrongful appropriation through this false pretense. The issue before us is whether the facts elicited by the military judge constitute an adequate factual basis for appellant's guilty pleas to this charge and specification. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). An alternative manner of posing the issue is whether appellant's responses during the inquiry are inconsistent with his guilty pleas. *See* Article 45(a), UCMJ, 10 U.S.C. § 845(a).

▪ Article 121 combines the offenses of larceny, wrongful appropriation, obtaining property by false pretenses, and embezzlement; and its terms must be interpreted according to the common law definitions of those offenses. *United States v. Mervine,* 26 M.J. 482 (C.M.A.1988). A false pretense under Article 121 "is a false representation of a past or existing fact," and it may be made "by means of any act, word, symbol, or token." Paragraph 46c(1)(e), Part IV, Manual for Courts–Martial (MCM), United States, 1984. There is no generally accepted common law definition of false pretense because the offenses of larceny or wrongful appropriation by false pretense are generally defined by statute, and state statutes vary in their terms. 3 *Wharton's Criminal Law* 455 (C. Torcia ed. 1980); 32 Am. Jur.2d *False Pretenses* § 1 (1982). In general, mere nondisclosure of a fact is insufficient to constitute a misrepresentation sufficient to amount to a false pretense. An exception to this general rule exists if the silence was preceded by a prior act or statement by the receiver or purchaser that is a material factor in the owner's decision to relinquish his property. Whether or not that prior act or statement was made with knowledge of its falsity, the receiver or purchaser is deemed to have repeated or ratified it at the time the property is relinquished if at the time of transfer the receiver or purchaser knew of the falsity of his prior act or statement. Military decisions generally recognize these principles. *See United States v. Flowerday,* 28 M.J. 705 (A.F.C.M.R.1989); *United States v. Rodriguez,* 24 C.M.R. 687 (A.F.B.R.1957).

▪ Under certain statutes, changing a price tag by a purchaser creates a false pretense that may form the basis of a larceny or wrongful appropriation conviction. *See, e.g., State v. Hauck,* 190 Neb. 534, 209 N.W.2d 580, 60 A.L.R.3d 1286 (1973); 32 Am.Jur.2d *False Pretenses* § 21

(1982). Clearly, in such cases the purchaser has affirmatively created the misrepresentation upon which the owner or his agent relied. We do not doubt that the provisions of Article 121, UCMJ, embrace a larceny or wrongful appropriation by false pretenses if a purchaser changes a price tag on an item in a self-service store, and thereafter a storeperson relinquishes the item to the purchaser based on receipt of the monetary amount shown on the changed price tag. *United States v. Pellegrini*, 24 M.J. 659 (A.F.C.M.R.1987). The express language of Article 121 and of paragraph 46c(1)(e), Part IV, MCM, however, does not contradict the general rule that:

> However unethical it may be for one knowingly to take advantage of another's misunderstanding of facts, this is not sufficient for the crime of false pretenses unless the one has himself occasioned that misunderstanding, or because of some other unusual circumstance, is under a legal duty to disclose the facts.

R. Perkins, *Criminal Law* 381 (3d ed. 1982); *but cf. United States v. Moreno*, 23 M.J. 622 (A.F.C.M.R.1986), *pet. denied*, 24 M.J. 348 (C.M.A.1987) (use of money erroneously deposited into bank account chargeable as larceny). The rule is especially apt if the misunderstanding is created by the inattentiveness, carelessness, or negligence of the seller. The legislative history of Article 121 contains nothing to indicate a definition of false pretenses or misrepresentation that would contradict this general principle of law, nor do present or past paragraphs of the Manual for Courts–Martial suggest an executive interpretation of the Article that conflicts with this general rule.

█ In this case, the misrepresentation of fact apparently was created by the inattentiveness or carelessness of Exchange employees who placed an incorrect price tag on the box. Further, nothing suggests that appellant made any statements to the cashier concerning the correctness of the price tag that might themselves have been misrepresentations of a past or existing fact. The guilty plea was accepted on the theory that by taking the item to the check-out counter, appellant represented that the value of the camera was $270.00. We cannot accept the proposition that a purchaser in a self-service store who takes an item to a check-out counter represents that the item has been priced correctly or warrants that the price tag reflects the intrinsic or market value of the item; the purchaser only represents his agreement to pay the listed price in return for the item. In this context, price represents the amount of money the seller will accept in exchange for the item. Value is the general worth of the item stated in a monetary amount, and the value of non-military property within the terms of Article 121 is market value. Paragraph 46c(1)(g)(iii), Part IV, MCM. Price is an objective amount; the terms value and market value involve various factors, some subjective, that often are beyond the knowledge or experience of the casual purchaser. In fact, the seller in a self-service store is in the best position to represent that the price of an item for sale represents its actual value. Purchasers in self-service stores commonly find identical items with different price tags. The purchaser generally does not know which price is the one that the owner has chosen as his offer for the sale or which best reflects the value of the item. We conclude that appellant represented no more to the cashier than that he was willing to pay the amount on the price tag in exchange for the camera. The record establishes that his willingness was genuine and that in fact he gave lawful currency for the camera. We find nothing false in his representation.

Accordingly, the facts elicited from appellant do not, as a matter of law, provide a factual basis for his guilty pleas; rather they are in significant part inconsistent with his guilty pleas. Accordingly, the findings of guilty of Charge II and its specification are set aside and dismissed.

█ In determining whether we may permissibly reassess the sentence in lieu of remanding for a rehearing on sentence, we note that even though appellant may have had lawful possession of the camera prior to attempting to secure a refund of $1,199.00, he thereafter knowingly and

falsely represented that he had in fact paid that greater amount. His scheme to obtain a refund based on the larger price of the item was formed when he purchased the camera and was steadfastly pursued over several days. In short, he fully committed himself to his criminal plan. We believe that attempted larceny on two occasions of almost one thousand dollars from the Navy Exchange is a very serious military offense. We conclude that reassessment pursuant to the principles of *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) is permissible and appropriate.

Accordingly, the findings of guilty of Charge I and its specifications are affirmed. Only so much of the sentence, as approved on review below, as includes a bad-conduct discharge, reduction to pay grade E–1, and confinement for 3 months is affirmed.

Senior Judge JONES and Judge REED concur.